This is a suit for the recovery of property damages resulting from an automobile accident which occurred on January 1, 1945, at the intersection of Port and North Prieur Streets in the City of New Orleans, when a Ford car owned and operated by plaintiff, Louis J. Saucier, collided with the *Page 773 
Oldsmobile Coupe of the defendant, Percy F.J. Kellett.
Plaintiff alleges that, at about noon on the day of the accident, he was driving his automobile on Port Street in the direction of the Mississippi River; that, upon reaching the corner of Port and North Prieur Streets, he proceeded across the intersection; that, after he had preempted the crossing and had almost cleared it, defendant's car, which was being driven on North Prieur Street in the direction of the Industrial Canal, came into the intersection suddenly and without warning and crashed into the center of the right side of the Ford, causing it to overturn and that, as a result thereof, it sustained damages amounting to $225.
The defendant admits the happening of the accident but denies that it was caused through his fault and, alternatively, pleads the contributory negligence of plaintiff as a bar to recovery. He also filed a reconventional demand for $230.50, representing the damages sustained by his automobile, claiming that the accident was occasioned solely through the fault of plaintiff in that the latter operated his car at an excessive rate of speed; that he came into the intersection without exercising a proper lookout and that he was further guilty of violating the City Traffic Ordinance of New Orleans respecting the right of way.
After a hearing in the trial court on the foregoing issues, there was judgment dismissing plaintiff's suit and defendant's reconventional demand. Both parties have appealed from the decision below.
The question presented for determination is one of fact and relates solely to the care exercised by the respective participants to the collision. Port Street is a two-way unpaved street, running in the direction of and from the Mississippi River. It is crossed at right angles by North Prieur, which is likewise an unpaved dirt street, running from Canal Street in the direction of the Industrial Canal.
Plaintiff, accompanied by his wife, was driving his Model "A" Ford on Port Street in the direction of the Mississippi River. He testified that he was traveling at a speed of approximately fifteen miles per hour; that when he reached the corner of North Prieur, he looked to his left and to his right for oncoming traffic; that, upon seeing that the intersection was clear, he proceeded over it and that, when his car reached the center thereof, it was struck on its right side by the front of defendant's car which was driven into the intersection just as the Ford was negotiating it. He further says that he did not see defendant's car prior to the collision and that, as a result of the impact, the Ford was knocked over the curbing on the downtown riverside of the crossing and into the lot adjacent thereto, where it came to rest after it had turned over on its left side. Plaintiff's evidence is corroborated by the testimony of his wife.
On the other hand, the defendant stated that he was driving his car on North Prieur Street at a speed of about ten miles per hour; that he did not see plaintiff's automobile until he had entered the intersection when "I looked up in front of me and his car was right in front of my automobile"; that the front of his car collided with the right side of the Ford at about the center of the intersection; that, after the accident, the Ford turned over in the adjoining lot and that the emblem on the hood of his car was hooked on to the side of the Ford.
It was evidently the opinion of the trial judge that both plaintiff and defendant were negligent in failing to observe the presence of each other in the roadway prior to the collision. This conclusion is completely justified by the evidence. Defendant does not even testify that he looked for oncoming traffic at the intersection before he attempted to negotiate it. Conversely, plaintiff says that he looked and that he did not see defendant's automobile. If this be true, there is no reason why he should not have been apprised of the presence of defendant's car at or near the intersection, as both vehicles were being driven slowly and, apparently, there were no obstructions at or near the corner which interfered with his vision. To look and not see is just as derelict as not looking at all. It seems perfectly obvious to us that an accident, such as the one in the instant case, could not happen if either driver had exercised the care required of a prudent motorist. The accident occurred in broad daylight, the parties were driving their respective cars slowly on unpaved streets and if either one had paid the slightest attention to the actions of the other, he could have avoided the mishap.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed. *Page 774